UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80022-CR-CANNON

UNITED STATES OF AMERICA,

    vs.

DANIEL M. CARVER, *et al.,*

    Defendants.
_____/

**THE MIAMI HERALD'S REPLY IN SUPPORT OF
ITS MOTION TO INTERVENE AND FOR ACCESS TO SEALED RECORDS**

The McClatchy Company, LLC, doing business as *The Miami Herald* (the "*Herald*"), submits this reply in support of its Motion To Intervene And For Access To Sealed Records (the "Motion") [DE 328].

The Motion shows that the Records (DE Nos. 176, 177, 215, 216, 219, and 220) should be unsealed because there is no publicly available motion making the case for closure and, more importantly, there is no publicly available Order explaining the factual and legal basis that the Court determined was sufficient to overcome the press and public's First Amendment and/or common law right of access to the records.

The United States filed a response to the Motion [DE 331]. The response does not address the *Herald*'s arguments regarding the requirement of a publicly available Order containing specific findings supporting closure of the Records or the fact that there is no such publicly available Order in this action. Instead, the United States focuses on possible solutions.

First, the United States represents that it does not oppose the complete unsealing of Docket Entry Nos. 176, 215, and 219. Resp. at 2 n.3. Second, and as to the remaining records – Docket Entry Nos. 177, 216, and 220 – the United States does not oppose the partial unsealing of those

records, provided that they are redacted to protect grand jury materials that apparently appear in the records. The United States represents that it has submitted to the Court, under seal, proposed redacted versions of those records, and that it does not oppose the public release of those redacted versions. Resp. at 2-3.

The *Herald* obviously has not seen the original or proposed redacted versions of those three records, thus making it impossible for the *Herald* to comment upon the Government's proposed redactions or whether the records contain material that is properly shielded from public view. The *Herald* nonetheless makes two observations.

*First*, any redactions to the three records must be narrowly tailored and no broader than necessary to protect the interest that partial closure is intended to protect. *See, e.g., Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1015-16 (11th Cir. 1992) (quoting *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985)); *see also United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 n.16 (11th Cir. 2005) (citing *Washington Post v. Robinson,* 935 F.2d 282, 289 n. 9 (D.C.Cir.1991)) (explaining that only the parts of a document containing secret information should be sealed). *Second*, any partial sealing must be accompanied by a publicly available Order containing the specific findings regarding the grounds that the Court determines are sufficient to overcome the press and public's First Amendment and/or common law right of access to the entirety of the records.

For these reasons, and the reasons stated in the Motion, the *Herald* respectfully requests that Docket Entry Nos. 176, 177, 215, 216, 219, and 220 be unsealed.

        Respectfully submitted,

        HOLLAND & KNIGHT LLP
        Attorneys for The *Herald*
        701 Brickell Avenue, Suite 3000
        Miami, Florida 33131
        (305) 374-8500
        (305) 789-7799 (facsimile)

        /s/ Scott D. Ponce
        Scott D. Ponce (FBN 0169528)
        E-mail:sponce@hklaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 22, 2022 I electronically filed this document with the Clerk of the Court by using the CM/ECF System.

        /s/ Scott D. Ponce

#178784041_v1