UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO. 22-CR-80022-CANNON

UNITED STATES OF AMERICA

v.

DANIEL M. CARVER,
THOMAS DOUGHERTY,
JOHN PAUL GOSNEY JR.,
LOUIS CARVER,
ETHAN MACIER, and
JOSE GOYOS,

        **Defendants**.
_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR A *JAMES* HEARING**

**I.    INTRODUCTION**

The government, through undersigned counsel, respectfully submits this Response in Opposition to Defendants' Motion for a *James* Hearing. [*See* ECF No. 380]. Under well-established law in this Circuit, the Court should deny defendants' request to conduct a pre-trial hearing to consider the evidentiary foundation for all statements of co-conspirators that may be offered at trial. Such a hearing is unnecessary and inefficient. Indeed, a pre-trial hearing to consider the foundation for every co-conspirator statement is likely to become a mini-trial, unnecessarily prolonging pre-trial litigation and wasting valuable judicial resources. For these very reasons, another court in this district recently (yesterday) denied a nearly identical motion for *James* hearing submitted by certain of the same counsel who represent a defendant in this case. *See* Paperless Order, *United States v. Minal Patel*, No. 19-cr-80181-RAR (S.D. Fla. Oct. 27, 2022) (ECF No. 313) (denying the defendant's motion for a *James* hearing, ruling that it will make

evidentiary decisions on co-conspirator at trial, and noting that such a ruling "will avoid the need for lengthy mini-trials and allow for the efficient presentation of evidence, thereby promoting judicial economy").

As in *Patel*, the government in this case has already produced a list of co-conspirators and interview reports and other discovery documenting potential co-conspirator statements to assist the defense in preparation for trial. There will be ample opportunity for the Court to resolve any objections to admissibility of evidence—should there be any—and to safeguard defendants' right to a fair trial during the ordinary course of trial. Therefore, defendants' motion should be denied.

## II.     FACTUAL BACKGROUND

Defendants were indicted on February 24, 2022, for their respective roles in executing a multi-million-dollar fraud, involving health care fraud, wire fraud, kickbacks, and money laundering. [*See* ECF No. 23 (the "Indictment").] Count One of the Indictment charges an overarching health care fraud and wire fraud conspiracy. Counts Two through Six allege substantive health care fraud charges. [*Id.* at 17.] Count Seven alleges a scheme to defraud the United States and to pay and receive illegal health care kickbacks. Counts Eight through Thirteen allege substantive counts of receiving kickbacks. [*Id.* at 25-26.] Count Fourteen alleges an overarching conspiracy to commit money laundering. [*Id.* at 26-27.] Counts Fifteen through Nineteen allege substantive counts of money laundering designed to conceal the funds' unlawful source. [*Id.* at 28-29.] And Counts Twenty through Twenty-Two allege substantive counts of money laundering through monetary transactions in criminally derived property of greater than $10,000.[1] [*Id.* at 29-30.]

---

[1]     A detailed summary of the anticipated evidence is set forth in the government's Notice of Intent to Use Inextricably Intertwined Evidence or 404(b) Evidence. [*See* ECF No. 388.]

### III.     LEGAL STANDARD

Statements that would otherwise be hearsay are admissible if they are made by a co-conspirator of a party during the course and in furtherance of the conspiracy. Fed. R. Evid. 801(d)(2)(E). The Rule does not provide an exception to the rule against hearsay; rather, statements of co-conspirators are not hearsay where the government establishes, by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the statement was made during the course and in furtherance of the conspiracy. *United States v. James*, 590 F.2d 575 (5th Cir. 1979) *cert. denied*, 442 U.S. 917, (1979), *overruled in part by Bourjaily v. United States,* 483 U.S. 171, (1987); *United States v. Magluta*, 418 F.3d 1166, 1177–78 (11th Cir. 2005); *United States v. Miles*, 290 F.3d 1341 (11th Cir. 2002); *United States v. Castleberry*, 116 F.3d 1384 (11th Cir. 1997; *United States v. Sanchez*, 722 F.2d 1501, 1508 (11th Cir. 1984) (quoting *James*, 590 F.2d at 58). The rule expressly permits the Court to consider the co-conspirator statements themselves, along with independent outside evidence, to determine whether a conspiracy existed*. Bourjaily*, 483 U.S. 171 (1987); *United States v. Byrom*, 910 F. 2d 725 (11th Cir. 1990).

The Supreme Court has recognized the relevance and weight that statements of co-conspirators provide to the factfinder. "Because they are made while the conspiracy is in progress, such statements provide evidence of the conspiracy's context that cannot be replicated, even if the declarant testifies to the same matters in court." *United States v. Inadi*, 475 U.S. 387, 106 S. Ct. 1121, 1126 (1986). Indeed, the Eleventh Circuit applies a liberal standard in determining whether a statement is made in furtherance of a conspiracy. *United States v. Bazemore*, 41 F.3d 1431 (11th Cir. 1994); *United States v. Thompson*, 976 F.2d 666 (11th Cir. 1992). Also, the Eleventh Circuit

favors conditional admission of co-conspirator declarations where the government assures the Court that the statement will be connected to a conspiracy later in the trial. *United States v. Wenxia Man*, 891 F.3d 1253, 1271–72 (11th Cir. 2018); *United States v. Hasner*, 340 F.3d 1261, 1275 (11th Cir. 2003).

A pre-trial determination of the admissibility of co-conspirator statements is not required in the Eleventh Circuit. *United States v. Cross*, 928 F.2d 1030, 1052, n.71 (11th Cir. 1991) (rejecting an argument that the district court should have conducted a hearing prior to the introduction of co-conspirator statements at trial); *United States v. Khoury*, 901 F.2d 948, 971 (11th Cir. 1990) (noting that holding a pretrial *James* hearing is not necessary); *Sanchez*, 722 F.2d at 1508 ("A separate *James* hearing prior to the presentation of the government's case in chief … is not required."); *United States v. Pepe*, 747 F.2d 632 (11th Cir. 1984) (although the district court held a 13-day *James* hearing a court may decline to hold a *James* hearing if it is impractical); *United States v. Roe*, 670 F.2d 956, 962 (11th Cir. 1983) (rejecting "defendants' argument that the district court's failure to conduct a hearing outside the presence of the jury before admitting the challenged statements" constituted error); *United States v. Rodriguez*, 694 F.2d 251, 225 (11th Cir. 1982) (holding that "the trial court did not abuse its discretion in denying the [*James*] hearing and admitting the evidence subject to being connected up").

In *Roe*, the Court explained that *James* merely "established the 'preferred order of proof' concerning the admission of co-conspirator statements." *Id*. Furthermore, the *Roe* court noted that *James* itself does not indicate that such a hearing is essential. *Id*. "The *James* court made clear that if the district court concludes that a hearing is not reasonably practical, the district court could admit the statements subject to the government's 'connecting them up' with enough independent evidence by the end of trial." *Id*. (quoting *James*, 590 F.2d at 582).

4

In fact, "it [is] sufficient that the district court admit[] [the challenged statements] on the government's assurance that they [will] be connected to a conspiracy, and that the court rule[] at the close of the government's case that the evidence [is] admissible." *Cross*, 928 F.2d at 1052, n.71; *see also Sanchez*, 722 F.2d at 1508 (affirming admission of co-conspirator statements where court found conditions for criteria were found "[a]t the conclusion of the government's case"); *United States v. Van Hemelryck*, 945 F.2d 1493, 1498 (explaining "[t]he district court has discretion to admit the statements subject to proof of [admissibility] during the course of trial.").

Moreover, the Court need not make any express findings that a conspiracy existed, and that the statements were made in furtherance of a particular conspiracy. Instead, a court's admission of co-conspirator statements under Fed. R. Evid. 801(d)(2)(E) operates as an implicit finding that the criteria for admission of the statement are satisfied. *United States v. Miles*, 290 F.3d 1341, 1352 (11th Cir.2002) (affirming admission of co-conspirator statements and finding that the district court "implicitly found that [the declarant's] statement was made in the course of, and in furtherance of, a conspiracy.").

A defendant's request for a *James* hearing is particularly problematic where such a hearing could easily turn into a mini-trial. Courts have denied motions for a *James* hearing to avoid such a waste of judicial resources. *See United States v. McGregor*, No. 2:10CR186-MHT, 2011 WL 978794, at *2 (M.D. Ala. Mar. 18, 2011) (denying motion for *James* hearing in complex case with voluminous discovery where the government explained that "holding a pretrial *James* hearing is no longer the norm in the Eleventh Circuit and that it would be more efficient to admit the statements, subject to their being connected up by the close of the government's evidence"); *United States v. Savage*, No. CRIM.A. 07-550-03, 2012 WL 5866068, at *4 (E.D. Pa. Nov. 20, 2012) (noting how "conducting *James* hearing in complex conspiracy cases is not the preferred

5

practice since there is a concern that hearings will result in mini-trials."); *United States v. Cheatham,* 500 F. Supp. 2d 528, 537 (W.D. Pa. 2007) (denying defendant's request for a *James* hearing because such a hearing in a "complex eight person conspiracy and a seventeen count indictment" would have "most certainly" turned into a "mini-trial.").

IV.  **ARGUMENT**

    A.  **A PRE-TRIAL *JAMES* HEARING IS UNNECESSARY, WOULD BECOME A LENGTHY MINI-TRIAL, AND WASTE JUDICIAL RESOURCES.**

The government understands the Federal Rules of Evidence, including the requirement to lay an adequate foundation to admit co-conspirator statements under Rule 801(d)(2)(E), and the government will act in good faith to offer statements supported by the necessary foundation or those that can be admitted conditionally, subject to a motion to strike at the close of the government's evidence.

In this case, defendants have been on notice since the Indictment was returned about the details of the alleged conspiracies to defraud Medicare, pay and receive kickbacks, and to launder the proceeds of their crimes. In compliance with its discovery obligations, the government has produced materials in several discovery productions. These productions have included numerous witness interview reports, text messages, and email communications—the latest of which was produced on October 13, 2022.[2] Therefore, defense counsel are able to focus their review on the interview reports and discovery materials pertaining to the co-conspirators of which all parties are aware.

---

[2] The government is actively preparing for trial and in the process of meeting with witnesses. The government expects to generate additional interview reports as part of this process, which will be disclosed to the defense promptly upon receipt by the government. In addition, in light of the sprawling nature of this conspiracy, the prosecutors and case agents on this case are in the process of cross-checking for the existence of any additional interview reports. The government will produce any additional reports promptly upon receipt.

In addition, as defense counsel are aware, several cooperating witnesses—including some who were charged in this action—have pleaded guilty in connection with their participation in the conspiracies alleged in the Indictment. Thus, there is no doubt that the government will be able to establish the showing required under Rule 801(d)(2)(E) and *James* for the admission of co-conspirator statements. The government anticipates that some of the initial cooperating witnesses who testify at trial will be able to describe (i) the overall conspiracy to defraud Medicare and launder the proceeds, as well as the scheme to pay and receive illegal health care kickbacks, (ii) each defendant's role in the conspiracy, and (iii) establish the identity of co-conspirators. This testimony, followed by testimony of other cooperating witnesses and the statements themselves, will establish the existence of the conspiracy and its participants, and it will facilitate the Court's consideration of the necessary foundation to admit co-conspirator statements.

The government anticipates that the co-conspirator statements offered at trial will consist of documents and oral statements. The documents will take the form of text messages, emails, and other documents that will be identified on the government's exhibit list, many of which are defendants' own documents. These items have been produced to defense counsel in discovery.

Oral co-conspirator statements could include, for example, instructions from co-conspirators to call center employees and each other concerning their activities in furtherance of the conspiracy; reports or information from co-conspirators informing or instructing call center employees, their co-conspirators, and each other of their activities; discussions amongst co-conspirators concerning their activities and payment of bribes and kickbacks in furtherance of the conspiracy; and discussions among co-conspirators about how to manage problems and their efforts to conceal their fraudulent activities or launder the proceeds. Such statements are clearly made in furtherance of the conspiracy alleged in the Indictment.

As such, this Court should deny defendants' motion for a pretrial *James* hearing and rule on the admissibility of co-conspirator statements at trial. Many courts take this reasonable and resource-saving approach, including a court in this district yesterday. In *United States v. Minal Patel*, 19-cr-80181-RAR, Judge Rodolfo A. Ruiz denied a nearly identical motion seeking a *James* hearing. [ECF No. 313.] According to the paperless order, the Court declined to conduct a pretrial *James* hearing and will instead rule on the admissibility of co-conspirator statements at trial. The order further stated that the government will be allowed to "connect up" any statements that it seeks to introduce at trial by conditionally admitting these statements subject to a motion to strike if the government has not connected them up by the close of its case-in-chief. The Court reasoned that this "will avoid the need for lengthy mini-trials and allow for the efficient presentation of evidence, thereby promoting judicial economy." [ECF No. 313.] Other courts have similarly denied requests for *James* hearings. *See United States v. Tyson*, No. CR 315-013, 2016 WL 1180202, *1 (S.D. Ga. March 25, 2016) (denying the motion for a pretrial *James* hearing and explaining that "[a]s the need for a *James* hearing is lessened in light of [*Bourjaily v. United States*, 483 U.S. 171, 181 (1987)], and in the interest of judicial economy" the determination of the admissibility of co-conspirator statements will be made at trial); *United States v. Cox*, No. 5:07-CR-09 (WDO), 2007 WL 1173059, at *1 (M.D. Ga. April 18, 2017) (ruling "[t]he Court will decline to hold a pretrial *James* hearing but will instead await the presentation of the government's evidence at trial and determine then whether the government has 'connected up' the statements to the alleged conspiracy."); *United States v. Leaks*, No. 1:13-CR-15 (WLS), 2013 WL 5538718 (M.D. Ga. Oct. 7, 2013) (denying motion for pretrial *James* hearing and noting that "[i]nstead, the Court will rule on the admissibility of coconspirator statements at trial.").

Defendants complain that the government will put into evidence emails and other documents as co-conspirator statements without calling every participant on those emails to testify. That is not a requirement for admissibility under Rule 801(d)(2)(E), is not a reason to hold a *James* hearing, and certainly is not a reason to exclude relevant and admissible evidence. This is a document-heavy case because this was a document-heavy conspiracy. Defendants operated a call center, owned and controlled laboratories and marketing companies, billed thousands of distinct beneficiaries for genetic testing and DME, and caused the submission of millions of dollars in claims to Medicare. To accomplish this, defendants and their co-conspirators generated requisition orders, contracts, invoices, emails and other communications, and related documentation. This evidence will be presented in the government's case-in-chief, and the government intends to try this case efficiently in the time allotted by the Court. The government does not intend to call every possible witness, nor is that required or even possible.[3]

Finally, where appropriate, this Court should allow the government to "connect up" any statements that it seeks to introduce at trial by conditionally admitting these statements subject to a motion to strike, if the government has not connected them up by the close of its case-in-chief. This process allows for the efficient presentation of evidence and avoids the need to re-call witnesses multiple times. None of the concerns or blanket allegations raised by defendants warrants a pre-trial *James* hearing. Such a hearing would become a lengthy mini-trial requiring the government to present its exhibits and anticipated testimony well in advance of trial. This is an unwarranted exercise and a waste of scarce judicial resources.[4]

---

[3] Indeed, some potential co-conspirators whose statements in furtherance of the conspiracy will be admitted are unindicted co-conspirators, *i.e.*, individuals with criminal exposure who are not likely to be available to testify.

[4] The government will be available to meet and confer with defense counsel regarding any concerns under Rule 801(d)(2)(E) or any other objections to the government's proposed exhibits

**CONCLUSION**

Defendants' motion for a pre-trial *James* hearing should be denied.

Dated: October 28, 2022                Respectfully submitted,

                                                  JUAN ANTONIO GONZALEZ
                                                UNITED STATES ATTORNEY
                                                SOUTHERN DISTRICT OF FLORIDA

                                                GLENN S. LEON, CHIEF
                                                CRIMINAL DIVISION, FRAUD SECTION
                                                U.S. DEPARTMENT OF JUSTICE

                                  By:    */s/ Patrick J. Queenan*

                                                Patrick J. Queenan
                                                Trial Attorney
                                                FL Special Bar No. A5502715
                                                U.S. Department of Justice
                                                Criminal Division, Fraud Section
                                                1400 New York Avenue, N.W.
                                                Washington, D.C. 20005
                                                Phone: (202) 875-0326
                                                patrick.queenan@usdoj.gov

                                                Reginald Cuyler Jr.
                                                Trial Attorney
                                                FL Bar # 0114062
                                                U.S. Department of Justice
                                                Criminal Division, Fraud Section
                                                12020 Miramar Parkway
                                                Miramar, Florida 33025
                                                Phone: (202) 748-3024
                                                reginald.cuyler.jr@usdoj.gov

---

or potential testimony. The government anticipates disclosing a draft preliminary exhibit list and a draft preliminary witness list before the calendar call in this case (or at a date set by the Court). The government also intends to notify defense counsel each night during trial of the witnesses that the government intends to present the following day, which will allow the parties to identify any evidence to which they object before it is offered by the government.

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 28, 2022, I served and filed the forgoing document with the Clerk of the Court via ECF.

By:   */s/ Patrick J. Queenan*